IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CURTIS CHUN,<br><br>                    Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU, et al.<br><br>                    Defendants. | CIV. NO. 18-00131 JAO-RT<br><br>ORDER GRANTING CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS WITH LEAVE TO AMEND, ECF NO. 9 |

## **ORDER GRANTING CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS WITH LEAVE TO AMEND, ECF NO. 9**

### **I. INTRODUCTION**

On April 10, 2018, Plaintiff Curtis Chun ("Plaintiff" or "Chun") filed this action alleging claims against Defendants City and County of Honolulu ("City"), and City and County of Honolulu Department of Environmental Services ("DES")[1] for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

---

[1] The Court considers the claims against DES to be brought against the City because DES is not an independent legal entity. For example, courts in the Ninth Circuit have concluded that police departments are not independent legal entities, and thus the municipality is the proper defendant. *See, e.g.*, *Eager v. Honolulu Police Dep't*, 2016 WL 471282, at *1 n.1 (D. Haw. Feb. 4, 2016); *Fisher v. Kealoha*, 869 F. Supp. 2d 1203, 1214 (D. Haw. 2012) ("Courts in the Ninth Circuit
(continued . . .)

42 U.S.C. § 2000e et seq. Compl., ECF No. 1. Specifically, Chun brings two claims: (1) "Hazardous Work Environment"; and (2) Wrongful Termination. *Id.*

Currently before the Court is the City's Motion to Dismiss for failure to state a claim. ECF No. 9. Based on the following, the Court GRANTS the City's Motion to Dismiss, with leave to amend.

## II. BACKGROUND

### A. Factual Background

The factual allegations in the Complaint[2] are as follows: Chun worked for DES from 2003 to 2012. Compl. ¶¶ 11, 14. While working for DES, he was exposed to hydrogen sulfide when he inspected wastewater areas. *Id.* ¶ 15. As a result of this cumulative exposure, Chun suffers from toxic encephalopathy

---

(. . . continued)
generally have treated police departments as part of a municipality.") (collecting cases) (footnote omitted); *Dowkin v. Honolulu Police Dep't*, 2010 WL 4961135, at *3 (D. Haw. Nov. 30, 2010) (stating that the proper municipal defendant is the City, not the Honolulu Police Department, because the police department is not an independent legal entity). Further, the Hawaiʻi Supreme Court has held that individual departments — such as the Building Department and the Department of Housing and Community Development — are not independent legal entities and thus separate from the City. *City & Cty. of Honolulu v. Toyama*, 61 Haw. 156, 161, 598 P.2d 168, 172 (1979).

[2] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

with symptoms including: collapsing, losing balance, trouble breathing, sensitivity to many common odors and fumes, an anxiety disorder, weight loss, elevated blood pressure, and sensitivity to microphones, televisions, and fluorescent lights. *Id.* ¶¶ 13-14, 17, 21-23. Chun sought medical treatment for his condition in 2006 and several times in 2008. *Id.* ¶¶ 19-20. In 2009, his physician advised Chun to stay away from hydrogen sulfide. *Id.* ¶ 20. It also appears that at some point Chun brought a work injury claim to the Hawaii Department of Labor, which was denied. *Id.* ¶ 18. Chun claims that "healthy people . . . are ridiculing him . . . and discriminating against his disability." *Id.* ¶ 25. Chun reported safety violations to DES concerning hydrogen sulfide exposure. *Id.* ¶ 27. In retaliation for Chun's reporting these violations, DES terminated his employment on July 25, 2012. *Id.* ¶ 28.

**B.     Procedural History**

Chun filed his Complaint on April 10, 2018, alleging one count of "hazardous work environment" and one count of wrongful termination. ECF No. 1. On May 15, 2018, the City filed a Motion to Dismiss (the "Motion"). ECF No. 9. The Motion was stayed pending resolution of Chun's original counsel's Motion to Withdraw as Counsel, ECF No. 5. ECF No. 10. The Motion to Withdraw as Counsel was granted on June 1, 2018. ECF No. 12. At that point,

Chun proceeded on a pro se basis until a Notice of Appearance was filed on behalf of Chun by new counsel on September 24, 2018. ECF No. 35. Chun filed his Opposition to the Motion on September 24, 2018. ECF No. 36. The City filed its Reply on October 8, 2018. ECF No. 39. The Court found the matter suitable for decision without a hearing under Local Rule 7.2(d). ECF No. 47.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners*, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet — that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

## IV. **DISCUSSION**

The Court dismisses both of Chun's claims: (1) the Title VII wrongful termination claim; and (2) the "hazardous work environment" claim. To the extent that Chun alleged a claim under the Americans with Disabilities Act ("ADA"), that claim is also dismissed. The Court grants Chun leave to amend his Complaint, with some conditions.

The City moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. ECF No. 9. The City argues that: (1) Chun's complaint is void of facts necessary to sustain a Title VII claim; (2) Chun's work injury claim is barred by the exclusive remedy provisions of the Hawaii Workers' Compensation System; and (3) Chun's claims are time-barred by Title VII's statute of limitations. ECF No. 9-1 at 4-7. In Chun's Opposition, he argues that he

"essentially brings his claim" under the ADA, 42 U.S.C. § 12101 et seq., and that the ADA claim can survive a Rule 12(b)(6) motion. ECF No. 36 at 3. In the City's Reply, it argued that the Complaint should be dismissed because Chun did not exhaust his administrative remedies prior to bringing suit. ECF No. 39 at 3-5.

The Complaint does not state either a Title VII or ADA claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Title VII prohibits employers from discriminating against an employee based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Among other elements for a prima facie case of either disparate treatment or retaliation under Title VII, the plaintiff must show that he or she belongs to a protected class. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028, 1034-35 (9th Cir. 2006) (describing prima facie elements for Title VII disparate treatment and retaliation claims). A protected class under Title VII is based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Chun never mentions race, color, religion, sex, or national origin in his Complaint. Except for Chun asserting in the Complaint that "[t]his is a civil action for . . . violations of the [sic] Title VII of the Civil Rights Act[,]" Compl. ¶ 10, there is nothing in the Complaint that actually invokes Title VII.

The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability in regard to . . . terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The prima facie elements for an ADA claim for unlawful discharge are: "(1) [plaintiff] is a disabled person within the meaning of the statute; (2) [plaintiff] is a qualified individual with a disability; and (3) [plaintiff] suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). Nowhere does the Complaint assert that Chun suffered an adverse employment action because of his disability. The only mention of discrimination in the Complaint is that "healthy people who never experienced such condition are ridiculing [Chun] are bullying him and discriminating against his disability." Compl. ¶ 25. Plaintiff does not assert that these "healthy people" are connected to Chun's employment or the City in any way. While the Complaint asserts that Plaintiff was fired in retaliation, the alleged retaliation occurred because Chun complained of safety violations from gas exposure not because of his disability. Compl. ¶ 28.

As a final matter, there is no cause of action for "hazardous work environment" to the Court's knowledge, and the Complaint cited no basis (statutory or otherwise) for such a cause of action. *See Rollins v. VSE Corp.*, 2018

WL 2077609, at *1 (E.D. Tex. May 4, 2018) ("Plaintiff's 'unsafe and hazardous work environment' claim fails because the Occupational Safety and Health Act does not create a private cause of action for employees . . . ."). Chun does not discuss the "hazardous work environment" claim in any meaningful way in the Opposition. *See* ECF No. 36 at 3.

Thus, Chun fails to make a plausible Title VII claim, ADA claim, or "hazardous work environment" claim. The Complaint fails to state a claim upon which relief can be granted, therefore the Motion is granted with leave to amend. Accordingly, the Court need not reach the other asserted grounds for dismissal.

Nevertheless, because Chun is granted leave to amend, the Court will briefly address some of these issues. A plaintiff alleging employment discrimination must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104-05 (2002); *EEOC v. Global Horizons, Inc.*, 904 F. Supp. 2d 1074, 1090 n.2 (D. Haw. 2012) ("The 300-day limitations period is applicable . . . because Title VII extends the 180-day period to 300 days if filed in a 'worksharing' jurisdiction [like Hawaii]."). The same requirements apply to disability discrimination under the ADA. *See* 42 U.S.C. § 12117(a). However, the time period for filing a charge

with the EEOC is "subject to equitable doctrines such as tolling or estoppel." *Morgan*, 536 U.S. at 113. The plaintiff must exhaust administrative remedies prior to bringing a lawsuit in federal district court. *See, e.g.*, *Pratt v. Haw., Dep't of Pub. Safety*, 308 F. Supp. 3d 1131, 1142 (D. Haw. 2018) (discussing the administrative steps required to be undertaken by plaintiff prior to bringing a Title VII action in federal district court). The Complaint does not provide any information about whether Chun has filed an EEOC claim or exhausted administrative remedies. Chun must assert those facts in his amended complaint if he chooses to file one.[3]

Finally, to the extent that Chun's "hazardous work environment" claim may be a common law negligent employment claim that arises "on account"

---

[3] If Chun has not already filed a charge with the EEOC or Hawaii Civil Rights Commission, he faces a statute of limitations problem because his employment was terminated well over six years ago. Compl. ¶ 28. Recognizing this issue, Chun requested an evidentiary hearing on whether he is entitled to equitable tolling. ECF No. 36 at 6. However, this request is premature. *See, e.g.*, *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006) ("Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue."); *Veronda v. Cal. Dep't of Forestry & Fire Prot.*, 11 F. App'x 731, 735 (9th Cir. 2001) ("[E]quitable tolling is rarely resolved at the pleading stage."). At minimum, equitable tolling in this instance should be addressed after Chun is allowed to file an amended complaint.

of a work injury, Hawaii's workers' compensation statutes contain an exclusivity provision that bars such a claim. *See* Hawaii Revised Statutes § 386-5; *Clemmons v. Haw. Med. Servs. Ass'n*, 273 F.R.D. 653, 659 (D. Haw. 2011) ("[T]he court's conclusion today is in accordance with decisions in other cases in this district holding that section 386-5 bars common law negligent employment claims arising out of allegations of discrimination.") (collecting cases). If Chun chooses to amend the Complaint, he may not raise a common law negligent employment claim that arises "on account" of a work injury.

## V. **CONCLUSION**

For the foregoing reasons, the City's Motion to Dismiss is GRANTED, and the Complaint is DISMISSED with leave to amend. Chun is GRANTED until February 15, 2019 to file an Amended Complaint. Failure to file

///

///

///

///

///

///

///

an Amended Complaint by February 15, 2019 will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 9, 2019.



Jill A. Otake
United States District Judge

*Chun v. City & Cty. of Honolulu, et al.*, Civ No. 18-00131 JAO-RT, Order Granting Motion to Dismiss, ECF No. 9