IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CURTIS CHUN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>                    Defendant. | Civ. No. 18-00131 JMS-RT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 71 |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 71

### I.  INTRODUCTION

Plaintiff Curtis Chun ("Chun" or "Plaintiff") initiated this employment discrimination action stemming from his termination by Defendant City and County of Honolulu. ("the City").  Before the court is the City's Motion for Summary Judgment seeking dismissal based on the filing of the complaint past the applicable statute of limitations.  *See* ECF No. 71.  For the foregoing reasons, the court GRANTS the City's Motion.

### II.  BACKGROUND

By letter dated July 25, 2012, Plaintiff, an engineer, was terminated by the City, with his last day being August 6, 2012.  Aylett Decl. ¶ 35, ECF No. 72-1 at PageID #242.

On April 10, 2018, Plaintiff filed this suit against the City, alleging

claims of hazardous work environment and wrongful termination.  *See* ECF No. 1

at PageID #4-6.  On January 9, 2019, the court granted the City's motion to

dismiss, with leave to amend.  *See* ECF No. 49.  On February 15, 2019, Plaintiff

filed his First Amended Complaint ("FAC"), asserting claims under the American

with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and the

Hawaii Whistleblower Protection Act ("HWPA").  ECF No. 50.  The FAC alleges

that there were times Plaintiff was adjudicated unfit to proceed in criminal cases in

2014 and 2015, and thus based on mental disability, "the statutes of limitations

may be tolled."  *Id*. at PageID #140.[1]

On January 15, 2020, the City filed its Motion for Summary

Judgment, seeking to dismiss all of Plaintiff's claims.  *See* ECF No. 71.  On April

29, 2020, the parties stipulated to dismissing with prejudice the ADA claims.  *See*

ECF No. 88.  On May 15, 2020, after two extensions, Plaintiff filed an Opposition

that included defending an argument not raised in the City's Motion—that is,

Plaintiff argued that his claims were not barred by the statute of limitations because

---

[1] In State of Hawaii courts, a defendant found "unfit" to proceed to trial is the equivalent of a finding of a lack of competence to stand trial in federal court.  *See* Haw. Rev. Stat. ("HRS") §§ 704-403 to 405; *State v. Tierney*, 127 Haw. 157, 277 P.3d 251 (2012); *State v. Castro*, 93 Haw. 424, 426, 5 P.3d 414, 416 (2000).

he is entitled to equitable tolling.  *See* ECF No. 100 at PageID #663-66.[2]  In its

May 22, 2020 Reply, the City addressed the statute of limitations argument in

detail, and requested that the court grant summary judgment based on the running

of the statute of limitations for both of the FAC's remaining claims.[3]  ECF No. 101

at PageID #687-93.  Given this unusual procedural posture, on June 12, 2020, the

court entered an order inviting Plaintiff to file a sur-reply, informing Plaintiff that

the court would consider the City's statute of limitations argument pursuant to

Federal Rule of Civil Procedure 56(f).[4]  *See* ECF No. 102.  Despite this invitation,

Plaintiff failed to file a sur-reply.  The court finds this matter suitable for

disposition without a hearing pursuant to Local Rule 7.1(c).  *See* ECF No. 83.

## III.  STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  Federal Rule of Civil Procedure ("FRCP") 56(a) mandates

---

[2]  In its Motion, the City discussed tolling only in the context of the 300-day time period for Plaintiff to exhaust his administrative remedies.  *See* ECF No. 71-1 at PageID #215-18. Nowhere in its opening brief, however, did the City argue that it should be granted summary judgment based on the running of the statute of limitations for the Rehabilitation Act or the HWPA claim.

[3]  The City did raise the statute of limitations as a defense in its Answer to the FAC.  *See* ECF No. 54 at PageID #156 (Seventeenth Defense).

[4]  Under Rule 56(f)(2), "after giving notice and a reasonable time to respond," the court may grant summary judgment "on grounds not raised by a party."

summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (*citing Celotex*, 477 U.S. at 323). "When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is

4

'material' only if it could affect the outcome of the suit under the governing law."

*In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (*citing Anderson*, 477 U.S. at

248). When considering the evidence on a motion for summary judgment, the

court must draw all reasonable inferences on behalf of the nonmoving party.

*Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille*

*Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence

of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn

in his favor" (citations omitted)).

## IV. **DISCUSSION**

Plaintiff argues that the court should equitably toll the statute of

limitations as to both claims because he was mentally impaired until February

2018, approximately two months before his initial complaint was filed.[5] *See* ECF

No. 100 at PageID #663-66. The court first addresses the applicable statute of

limitations for both the § 504 claim and the HWPA claim, and then discusses

whether Plaintiff has shown that the statutes should be tolled based on mental

impairment.

---

[5] Both parties assume that the doctrine of equitable tolling applies to both § 504 of the Rehabilitation Act and the HWPA. For purposes of this Order, the court likewise assumes (without making a determination) that equitable tolling applies to both of these statutes.

The statute of limitations for the Rehabilitation Act is governed by the most analogous state law statute of limitations. *See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC,* 753 F.3d 862, 869 (9th Cir. 2014) ("The statute of limitations for claims under Section 504 of the Rehabilitation Act is provided by analogous state law."); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001) (same). And, in Hawaii, the two-year personal injury statute of limitations is most analogous to a § 504 action. *See Toma v. Univ. of Haw.*, 2017 WL 4782629, at *5 (D. Haw. Oct. 23, 2017) (finding that Hawaii's two-year statute of limitations under HRS § 657-7 applies to claims under § 504 of the Rehabilitation Act); *Jefferies v. Albert*, 2009 WL 4064799, at *5 (D. Haw. Nov. 24, 2009) (same); *Wiles v. Dep't of Educ. Haw.*, 2006 WL 8436133, at *15 n.7 (D. Haw. Dec. 19, 2006) (same). The statute of limitation for the HWPA is also two years. *See* HRS § 378-63(a); *Lalau v. City and Cty. of Honolulu*, 938 F. Supp. 2d 1000, 1021 (D. Haw. 2013). Thus, unless Plaintiff can show the statute of limitations should be tolled, his claims are clearly time-barred.

A federal court also "borrows the state's equitable tolling rules" when an analogous state law statute of limitation applies, "absent a reason not to do so." *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir.

2001); *see also Ahmed v. Regents of Univ. of Cal.*, 2018 WL 3969699, at *7 (S.D.

Cal. Aug. 20, 2018) (applying California state equitable tolling rules to a claim

under the Rehabilitation Act).  Thus, Hawaii's doctrine of equitable tolling applies

to both the Rehabilitation Act claim (which borrows Hawaii's statute of limitation)

and the HWPA claim.

> Hawaii has adopted federal equitable tolling principles:
>
> In order to toll a statute of limitations for a complaint
> filed after its expiration, a plaintiff must demonstrate
> "(1) that he . . . has been pursuing his right diligently, and
> (2) that some extraordinary circumstance stood in his
> way." *Felter v. Norton,* 412 F. Supp. 2d 118, 126
> (D.D.C. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S.
> 408, 417, 125 S. Ct. 1807, 1814, 161 L.Ed.2d 669
> (2005); *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333
> F.3d 74, 80-81 (2d Cir. 2003)).  Extraordinary
> circumstances are circumstances that are beyond the
> control of the complainant and make it impossible to file
> a complaint within the statute of limitations.  *Id.*
> (citing   *United States v. Cicero*, 214 F.3d 199, 203 (D.C.
> Cir. 2000)).

*Office of Hawaiian Affairs v. State*, 110 Haw. 338, 360, 133 P.3d 767, 789 (2006).

*See also Reyes v. HSBC Bank USA, Nat'l Ass'n*, 135 Haw. 407, 2015 WL

3476371, at *6 (Haw. Ct. App. May 29, 2015) (applying federal equitable tolling

principles to fraudulent concealment); *Paco v. Myers*, 143 Haw. 330, 2018 WL

6177430, at *2 (Haw. Ct. App. Nov. 27, 2018).[6]  This test "is a very high bar, and

is reserved for rare cases."  Y*ow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th

Cir. 2014).

And in the specific context of mental impairments, the following test

applies to equitable tolling:

> [W]e conclude that eligibility for equitable tolling due to
> mental impairment requires the petitioner to meet a two-
> part test:
>
> (1) *First,* a petitioner must show his mental impairment
> was an "extraordinary circumstance" beyond his control
> by demonstrating the impairment was so severe that either
> (a) petitioner was unable rationally or factually to
> personally understand the need to timely file, or
> (b) petitioner's mental state rendered him unable
> personally to prepare a habeas petition and effectuate its
> filing.
> (2) *Second,* the petitioner must show diligence in pursuing
> the claims to the extent he could understand them, but that
> the mental impairment made it impossible to meet the
> filing deadline under the totality of the circumstances,
> including reasonably available access to assistance.
>
> To reiterate: the "extraordinary circumstance" of mental
> impairment can cause an untimely habeas petition at
> different stages in the process of filing by preventing
> petitioner from understanding the need to file,
> effectuating a filing on his own, or finding and utilizing
> assistance to file.  The "totality of the circumstances"
> inquiry in the second prong considers whether the

---

[6] Because Hawaii has largely adopted the federal standard for equitable tolling, the court relies on federal cases discussing equitable tolling as it relates to a mental impairment.

> petitioner's impairment was a but-for cause of any delay. Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure.  The petitioner therefore always remains accountable for diligence in pursuing his or her rights.

*Bills v. Clark*, 628 F.3d 1092, 1099-100 (9th Cir. 2010) (internal footnote and citations omitted) (stating the test in the context of the filing of a habeas petition). This test "reiterates the stringency of the overall equitable tolling test: the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence." *Yow Ming Yeh*, 751 F.3d at 1078.  *See also Conroy v. Thompson*, 929 F.3d 818, 820 (7th Cir. 2019) ("Mental incompetency may constitute an extraordinary circumstance that justifies equitable tolling, but only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.") (internal quotation marks omitted).

> "With respect to the necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available.  The court should examine whether the petitioner's mental impairment prevented him from locating assistance or communicating with or sufficiently supervising any assistance actually found." *Bills*, 628 F.3d at 1101; *see also Milam v. Harrington*,

9

953 F.3d 1128, 1132 (9th Cir. 2020).

Here, Plaintiff relies heavily on: (1) an April 17, 2015 report by Dr. Dennis Donovan, a State of Hawaii psychological consultant, regarding Plaintiff's competency to stand trial in state criminal proceedings, ECF No. 99-5; and (2) a January 19, 2016 forensic neuropsychological evaluation report prepared by Dr. Roger L. Likewise ("Likewise Report") relating to Plaintiff's workers' compensation claim, ECF No. 82.

In his April 17, 2015 report, Dr. Donovan noted that he had seen Plaintiff "several times for similar cases" including in August 2012,[7] and March and May of 2014. *See* ECF No. 99-5 at PageID #639. Dr. Donovan's 2015 report found that Plaintiff may suffer from a "psychotic disorder [not otherwise specified]" and possibly "delusional disorder or paranoia schizophrenia." *Id.* at PageID #640. Based on the review of Plaintiff's file, his interview with Plaintiff, and his "overall impression of [Plaintiff] as well as [Dr. Donovan's] discussion

_____

[7] Plaintiff argues that his mental incompetence, as determined by Dr. Donovan, started "March and May of 2014," and thus, tolling should commence at that time. *See* Pl.'s Opp'n, ECF No. 100 at PageID #663. The record submitted by Plaintiff in support of his opposition to summary judgment, however, appears to contradict his own stated position. Specifically, Plaintiff's own evidence shows that in September 2012, Dr. Donovan opined that Plaintiff was unfit to stand trial. *See* ECF No. 99-5 at PageID #636-38 (Dr. Donovan's Sept. 24, 2012 letter for Case No. 1P511-487); *id.* at PageID #643-44 (Oct. 12, 2012 court order finding Plaintiff unfit to proceed and seeking reexamination). As set forth below, regardless of when Plaintiff was first determined unfit to stand trial, his mental incompetency did not prohibit him from pursuing his present claims, and accordingly, he is not entitled to equitable tolling.

with the leader of the fitness restoration program," Dr. Donovan concluded that

Plaintiff was "not fit to proceed" in his criminal case.  *Id.*

The Likewise Report sets forth in detail Plaintiff's history of mental

health issues.  The Likewise Report cited excerpts of Dr. Donovan's April 17,

2015 letter, noting that Dr. Donovan "evaluated [Plaintiff] on 1/5/15 and

previously, in March and May of 2014.  Each time, Dr. Donovan opined that Mr.

Chun was not fit to proceed and this remained his opinion today."  *See* ECF No. 82

at PageID #406, 448 (sealed).  In another entry, the Likewise Report states that on

May 12, 2015, "[c]ourt was extended as Mr. Chun was unfit."  *Id*. at PageID #408.

The record before the court, however, is silent as to Plaintiff's

condition between 2015 and 2018.  On February 21, 2018, Plaintiff was

determined by the state court to be "fit to proceed" on a pending criminal charge

and that pursuant HRS § 704-411(1)(c), he "is no longer affected by physical or

mental disease, disorder or defect . . . ."  ECF No. 72-29 at PageID #353-54.

Plaintiff now argues, without analysis or legal authority, that the fact

that he was found incompetent (unfit) to stand trial in several criminal cases

automatically entitles him to equitable tolling of the statute of limitations.  *See*

ECF No. 100 at PageID # 663-64.  Thus, he argues, the *entire duration* between

March 2014 until February 21, 2018 should be tolled.  Ultimately, given the record

before the court, this assumption ultimately fails.[8]

Even assuming that Plaintiff was mentally incompetent from 2012

through February 21, 2018, Plaintiff has not come forward with evidence showing

that his mental incompetence prohibited him from filing the present action within

the two-year statute of limitations.  *See, e.g.*, *Yow Ming Yeh*, 751 F.3d at 1078

(stating that a mental impairment must be "so debilitating that it is the but-for

cause of the delay, and even in cases of debilitating impairment the petitioner must

still demonstrate diligence."); *Kitchen v. Bauman*, 629 F. App'x 743, 747-48 (6th

Cir. 2015) (presuming incompetency to stand trial, litigant nevertheless is not

entitled to equitable tolling because he failed to show that the mental incompetency

"hindered his ability to assist his trial counsel").

In fact, the record shows the contrary.  Plaintiff was capable of filing

and pursuing claims in judicial and administrative proceedings, both pro se and

with the assistance of counsel.  For example, on June 29, 2015 (during the period

he was found incompetent to stand trial), Plaintiff filed a pro se worker's

---

[8]  The court is not determining whether a finding of incompetence to stand trial is by itself sufficient to support a finding that Plaintiff suffered from the sort of mental impairment that justifies tolling.  This issue was not properly briefed by either party, and case law suggests otherwise.  *See Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018) (stating that incompetence to stand trial, standing alone, is "unlikely" to justify equitable tolling).

compensation claim against the City with the State of Hawaii Department of Labor

and Industrial Relations.  *See* ECF No. 72-23.  In part, that claim alleged that

Plaintiff was terminated from employment by the City based on retaliation for

being a "whistle blower due to major serious violation."  *Id*. at PageID #338.

Although Plaintiff filed his worker's compensation claim pro se, Honolulu attorney

Edmund Lee represented Plaintiff in that matter as of April 2016—evidence that

Plaintiff was able to seek and obtain counsel to prosecute his claims.  Tashima

Decl., ECF No. 101-1 at PageID #699.[9]

   Further, again acting pro se, Plaintiff initiated a March 2015 action in

this court before Judge Leslie E. Kobayashi.  That complaint claimed that

Plaintiff's neighbors allowed harmful emissions to travel to his home, and

attempted to allege violations of several federal statutes including the ADA and the

Rehabilitation Act.  *Chun v. Simpson, et. al*, Civ. No. 15-00102 LEK-RLP

("*Simpson* Dkt"),[10] ECF No. 54 at PageID #675-77 (order dismissing second

amended complaint, noting that Plaintiff attempted to allege a claim under the

---

[9]  Edmund Lee filed the initial complaint in the instant case, but later withdrew as counsel.  Shawn Luiz, Plaintiff's current counsel, filed the FAC.  *See* ECF Nos. 1, 33 & 50.

[10]  The court takes judicial notice of Plaintiff's prior actions in state and federal court, as referenced throughout this Order.  *See* Fed. R. Evid. 201(b)(2) & (c)(1); *see, e.g.*, *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

ADA, and his prior complaint "attempted to allege claims" including Section 504

of the Rehabilitation Act).  And Plaintiff vigorously litigated the case, submitting

multiple filings and being responsive to court orders.  For example, Plaintiff sought

various extensions from the court (*Simpson* Dkt, ECF Nos. 13, 45), and worked

with the court to schedule status conferences (*Simpson* Dkt, ECF Nos. 5, 7).  He

also filed numerous other motions including a: request for temporary restraining

order (*Simpson* Dkt, ECF No. 21); motion for preliminary injunction (*Simpson*

Dkt, ECF No. 22); motion seeking clarification on various orders (*Simpson* Dkt,

ECF No. 38); and motion for reconsideration (*Simpson* Dkt, ECF Nos. 55, 57).

Accordingly, even assuming that Plaintiff was mentally incompetent

for a period of time, he has not shown the required but-for causation or that he was

sufficiently diligent.  Given that Plaintiff was able to prosecute a worker's

compensation claim and a civil case in this court—both relating to the claims

before the court now—Plaintiff has failed to come forward with evidence to show

that any mental incompetence prevented him from initiating this instant lawsuit.

*See, e.g.*, *Hipp v. Stephan*, 2018 WL 3653178, at *19 (D.S.C. May 21, 2018)

(litigant not entitled to equitable tolling, in part, because the record shows he was

able to file other "timely and cogent" prison claims); *Hargrave v. Smith*, 2008 WL

4179441, at *4 (S.D. Tex. Sept. 8, 2008) (finding petitioner is not entitled to

equitable tolling for mental incompetency purposes, in part, because "his ability to file his federal petition and response are some evidence he is competent"); *Kitchen*, 629 F. App'x at 748 (noting that litigant filed a civil suit during time which he alleged should have been equitably tolled).  Thus, Plaintiff is not entitled to equitable tolling.  And, because the court declines to apply the doctrine of equitable tolling to Plaintiff's claims, Plaintiff's claims are time-barred.  The parties agree that Plaintiff's claims began accruing, at the very latest, on August 6, 2012 when he left his position with the City.  But Plaintiff did not file his original complaint in this court until April 10, 2018, almost six years later.  Accordingly, these claims are time-barred.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS the City's motion for summary judgment, as Plaintiff's claims are time-barred.  The Clerk of Court is instructed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 13, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Chun v. City and Cty. of Honolulu*, Order Granting Defendant's Motion for Summary Judgment, ECF No. 71.